**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: George Even Sholl, Jr. | Case No.: 15-14142-pmm |
| Debtor | Chapter 13 |

George Evan Sholl, Jr.,

Movant

v.

Specialized Loan Servicing, LLC,

Respondent

Scott F. Waterman

Chapter 13 Trustee

**AMENDED MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF ORDER CONFIRMING CHAPTER 13 PLAN AND 11 U.S.C. {362, {524i AND Rule 3002.1 AND STIPULATED ORDER DATED 9/8/21**

NOW COMES George Even Sholl, Jr., the Debtor in the above-captioned matter, by and through his attorney, Brenna H. Mendelsohn, Esquire, and Mendelsohn & Mendelsohn, PC, and respectfully files this Amended Motion for Contempt and Sanctions Against Specialized Loan Servicing, LLC.  In support thereof, the Debtor states the following:

**BACKGROUND**

1. On June 11, 2005, George Evan Sholl, Jr. (hereafter the Debtor or Sholl) filed for Chapter 13 Bankruptcy protection.

2. On the Petition date, Debtor owed a mortgage debt for his principal residence to Bank of America, who held a valid Second Mortgage against his principal residence, which is located at 98 Main Street, Strausstown, PA 19559.

3. On November 6, 2015, Bank of America (hereafter Lender) filed Proof of Claim #4 in this case, listing a total secured debt of $38,719.95, with a pre-petition arrearage claim of $3,271.29.

4. On June 30, 2015, Debtor filed an Adversary Complaint, docketed to Case Number, 15-00242, against Lender in attempt to determine the validity, priority, or extent of lien of Lender on Debtor's principal real estate.

5. On July 30, 2015, Lender, via their Counsel at the time, filed a Response to the Adversary Complaint.

6. On December 9, 2015, a Stipulation of Settlement to the Adversary Complaint was filed by and between Debtor and Lender.

7. The Adversary Stipulation re-amortized the loan with Lender; the re-amortized terms are specifically outlined in line #7 of the Stipulation, in pertinent part, as follows: "Debtor and Lender agree for

purposes of the Chapter 13 Bankruptcy to reduce the interest rate to 3% per annum and the assumed principal balance is $37,000.00 over a 15-year period (180 months) resulting in a monthly payment of $255.32 per month (the Re-Amortized payment) due and payable on the 1st day of each month commencing on December 1, 2015."

8. On December 10, 2015, this Honorable Court granted the Order approving the Adversary Stipulation.

9. On January 7, 2016, this Court issued an Order Confirming the Debtor's Chapter 13 Plan.

10. On August 26, 2019, a Transfer of Claim was filed with respect to Lender's claim, which was docketed to #40, as follows, "Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: The Bank of New York Mellon, et al... (Claim No. 4) To Specialized Loan Servicing LLC. Fee Amount $25 Filed by SPECIALIZED LOAN SERVICING LLC. (Rafferty, John)."

10. Debtor was Discharged on 11/5/20 and the case was Closed on 11/16/20.

11. On 3/22/21, Debtor filed a motion to reopen his Chapter 13 Bankruptcy and said Motion was granted by this Honorable Court.

12. On May 19, 2021, Debtor filed a Motion for Contempt and Sanctions for Violation of Order Confirming Chapter 13 Plan and 11 USC (362,(524i AND Rule 3002.1. (Hereinafter referred to as the Contempt Motion).

13. On 9/2/21 the parties entered into an agreement to settle the Contempt Motion and filed a Stipulation with this Honorable Court on 9/2/21 which was approved by this Court on 9/8/21.

14. On January 16, 2022, Movant filed a Motion to Reopen Chapter 13 case alleging ongoing issues directly related to the Contempt Motion.

15. Respondent did not object to the Motion to reopen case and this Honorable Court entered an Order reopening this Chapter 13 case on February 10, 2022.

16. The Court is respectfully asked to note the previous Motion for contempt and sanctions in this case, attached as Exhibit "A".

17. Attached as Exhibit "B" is a copy of the Settlement Stipulation, which was approved by this Honorable Court on 9/8/21, (hereinafter referred to as "Contempt Stipulation").

18. However, Movant avers the Respondent is again violating the terms and conditions of the parties' agreement and the Contempt Stipulation as follows:

    a. The Contempt Stipulation (paragraph 14) has five conditions that Respondent was to address, and Debtor avers Respondent has violated paragraph 14, letters c. and d. of the contempt stipulation. Paragraph 14 c. and d. of the Contempt Stipulation states the following.

        **"c. SLS shall bring the Loan current through August 2021."**

        **"d. After paragraph 141 is completed, SLS shall provide a payment history to the Debtor and his counsel via mail to provide an updated accounting."**

    b. With respect to c. and d. of the Contempt Stipulation, Debtor avers Respondent never brought the loan current through August 2021 and Debtor avers Respondent continues to reflect major accounting errors online and in monthly Mortgage Statements causing tremendous stress, frustration, and confusion to Debtor and his non filing spouse.  In addition, Debtor avers they are being charged late fees erroneously which could trigger a negative credit bureau report at any moment which will impact Debtor's credit, and the erroneous late fees are triggering nonstop collection calls.

    c. Respondent never provided a payment history to the Debtor <u>nor his counsel</u> via mail to provide an updated accounting.

19. Debtor avers since the Contempt Stipulation was entered Ordering respondent to bring debtor current through August 2021, Debtor has made all his monthly payments timely through February 2022.

To wit:  Starting with the August 1, 2021, payment.

a. August 1, 2021, payment was made 7/27/21, paid $255.52 check number 1754.

a. September 1, 2021, payment was made 8/31/21, paid $255.52 check number 1760.

b. October 1, 2021, payment was made 9/30/21, paid $255.52 check number 1763.

c. November 1, 2021, payment was made 10/29/21, paid $255.52 and paid online.

d. December 1, 2021, payment was made 11/28/21, paid $255.52 and paid online.

e. January 1, 2022, payment was made 12/20/21, paid $255.52 and paid online.

f. February 1, 2022, payment was made 1/24/22, paid $255.52 and paid online.


20. Notwithstanding the fact that the Contempt Stipulation brought Debtor current through August 2021, and Debtor has made all payments timely ongoing, Debtor was provided with inaccurate monthly mortgage statements showing mounting late fees; Debtor avers some months he received multiple Statements for the same month, each amount due is different and there is utter confusion with the inaccuracies with the Mortgage Statements received and whether these Statements are even meant for Debtor's property.

 Attached please find Exhibit "C", which are Mortgage Statements incorporating the time at issue, to wit, September 2021 to date.

a. September 2021 Statement showing an amount due of $3,066.24.

b. October 2021 Statement showing an amount due of $3,066.24.

c. November 2021 Statement showing an amount due of $562.14 with an amount past due of 306.62.

d. November 17, 2021, Receipt of Late Fee Notice in the mail with an amount due of $332.17.

e. December 2021 Statement showing an amount due of $562.14 with an amount past due of $306.62.

f. December 2021 (Second December Statement received) showing an amount due of $587.69, past due amount of $306.62 and a note of FEES ACCRUED LATE CHARGE of $25.55.

g. December 2021 (Third December Statement received) showing an amount due of $332.17, past due amount of $76.65.

h. January 2022 Statement showing an amount due of $357.72, past due amount of $102.20.

i. January 2022 (Second January Statement received) showing an amount due of $613.24, past due amount $332.17 and a note of fees and ACCRUED LATE CHARGE of $25.55.

j. January 17, 2022, Receipt of Late Fee Notice in the mail with an amount due of $383.27.

k. February 17, 2022, Receipt of Late Fee Notice in the mail with an amount past due of 0.00, total late fees $127.75, a current late fee of $25.55 with a total due $408.82.

20. Debtor avers he and his non filing spouse receive collection calls frequently, causing disruption and extreme emotional distress.  Attached as Exhibit "D" are notations of dates and times of collection calls from Respondent.

21. Debtor avers the actions of respondent have taken away the peace of mind of obtaining a Discharge and financial "fresh start".  Immediately upon Discharge, Debtor was in receipt of Act 91 Notices and imminent Foreclosure, all in violation of Rule 3001.2.

22.  Despite all good faith efforts to resolve the incorrect accounting without the need for Court intervention, wherein Debtor provided respondent payments, sent dispute letters, made phone calls, requested and paid counsel to research the issue and send letters to Respondent (all considerable time and energy) nothing was fixed.  Then, even upon being sactioned$10,000.00 nothing changed.

22. Debtor and his non-filing spouse have now incurred over two consecutive years of being wrongfully harassed by Respondent and have no basis to believe or trust that this account will ever be handled properly.  Every Mortgage Statement and collection call received by Respondent, causes depression, fear, guilt, and anxiety.  Debtor works full time, and his non-filing spouse is at home with two disabled children with severe diagnosis; she must spend the time and energy to keep records or every phone call and fax every Mortgage Statement and late fee notice over to counsel.  This on-going task is burdensome, stressful and is affecting their marital relationship.  She has provided documentation of each payment made to Respondent dating back to December 1, 2015, which is almost six and a half years of payment documentation.

23. A fundamental goal of the Federal Bankruptcy laws enacted by Congress is to give debtors financial "fresh start" from burdensome debts.  The Supreme Court made this point about the purpose of the bankruptcy law in a 1934 decision:

> [I]t gives to the honest but unfortunate debtor…a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.

*See Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934). This goal is accomplished through the bankruptcy discharge, which releases debtors from personal liability from specific debts and prohibits creditors from ever taking any action against the debtor to collect those debts.

24. Debtor avers, he has been honest and has done everything correctly as asked of him, yet, due to the actions of Respondent, he has not had a new opportunity in life but instead is reeling with pressure and discouragement based on the direct actions of Respondent.

**WHEREFORE, THE DEBTOR REQUESTS THAT THIS HONORABLE COURT GRANT THE FOLLOWING RELIEF:**

A. Find that Specialized Loan Servicing is in contempt of this Court's Stipulation Order settling the prior Motion for Contempt and Sanctions dated 9/8/21.

B. Find that Specialized Loan Servicing has violated 11 U.S.C. {326 and {524 I and rule 3001.2.

C. Order Specialized Loan Servicing, within 30 days, to provide and file with the Court, a revised accounting of all mortgage funds received and applied, from August 1, 2021, until the present, to prove that they have properly applied all payments.

D. Order Specialized Loan Servicing, immediately cease any negative payment history reporting to any or all the 3 major credit bureaus.

E. Award the Debtor and his non filing spouse punitive damages for the contempt of the Stipulation for a sum to be determined by the Court, for the continued improper accounting, harassment via telephone and mail, emotional distress, including sanctions for each violation.

F. Award the Mortgage be Satisfied, and the Note fully Discharged.

G. Award the Debtor reimbursement of all costs and expenses to bring this action and reopen the Bankruptcy.

H. Award the Debtor's counsel reasonable legal fees, in an amount to be determined by the Court.

I. Order Specialized Loan Servicing, within 60 days, to provide an updated Mortgage Statement to Debtor and Counsel, showing the Default has been cured, and

J. For whatever other relief the Court deems just and proper under the circumstances.

Dated: February 28, 2022,                              *Respectfully submitted,*
                                                       /s/ George Scholl, Jr.,

Debtor
By and through his Attorney,
*/s/ Brenna H. Mendelsohn, Esq.*
Mendelsohn & Mendelsohn, PC
637 Walnut Street
Reading, PA 19601